# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| LINDA M. HALLIDAY, | |
| Plaintiff, | No. C15-4258-LTS |
| vs. | **MEMORADUM OPINION AND ORDER ON REPORT AND RECOMMENDATION** |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

## I.     INTRODUCTION

This case is before me on a Report and Recommendation (R&R) by the Honorable Jon Stuart Scoles, then Chief United States Magistrate Judge. *See* Doc. No. 20. Judge Scoles recommends that I affirm the decision of the Commissioner of Social Security (the Commissioner) denying plaintiff Linda M. Halliday's applications for Social Security disability benefits (DIB) and supplemental security income benefits (SSI) under Titles II and XVI of the Social Security Act, 42 U.S.C. § 401 et seq. (Act).

Halliday has filed timely objections (Doc. No. 21) to the R&R. The Commissioner has not filed a response. The procedural history and relevant facts are set forth in the R&R and are repeated herein only to the extent necessary.

## II.     APPLICABLE STANDARDS

### A.    *Judicial Review of the Commissioner's Decision*

The Commissioner's decision must be affirmed "if it is supported by substantial evidence on the record as a whole." *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as

to any fact, if supported by substantial evidence, shall be conclusive . . . ."). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion." *Lewis v. Barnhart*, 353 F.3d 642, 645 (8th Cir. 2003). The Eighth Circuit explains the standard as "something less than the weight of the evidence and [that] allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the [Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal." *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994).

In determining whether the Commissioner's decision meets this standard, the court considers "all of the evidence that was before the ALJ, but it [does] not re-weigh the evidence." *Wester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). The court considers both evidence which supports the Commissioner's decision and evidence that detracts from it. *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010). The court must "search the record for evidence contradicting the [Commissioner's] decision and give that evidence appropriate weight when determining whether the overall evidence in support is substantial." *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003) (citing *Cline v. Sullivan*, 939 F.2d 560, 564 (8th Cir. 1991)).

In evaluating the evidence in an appeal of a denial of benefits, the court must apply a balancing test to assess any contradictory evidence. *Sobania v. Sec'y of Health & Human Servs.*, 879 F.2d 441, 444 (8th Cir. 1989). The court, however, does not "reweigh the evidence presented to the ALJ," *Baldwin*, 349 F.3d at 555 (citing *Bates v. Chater*, 54 F.3d 529, 532 (8th Cir. 1995)), or "review the factual record de novo." *Roe v. Chater*, 92 F.3d 672, 675 (8th Cir. 1996) (citing *Naber v. Shalala*, 22 F.3d 186, 188 (8th Cir. 1994)). Instead, if, after reviewing the evidence, the court finds it "possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the court] must affirm the [Commissioner's] denial of benefits." *Kluesner*, 607 F.3d at 536 (quoting *Finch v. Astrue*, 547 F.3d 933, 935 (8th

Cir. 2008)). This is true even if the court "might have weighed the evidence differently." *Culbertson*, 30 F.3d at 939 (quoting *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992)). The court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984); *see Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005) ("[A]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion.").

## B. *Review of Report and Recommendation*

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of*

*Bessemer City*, 470 U.S. 564, 573 74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

### III.  THE R&R

Judge Scoles noted that Halliday alleges disability due to seizures, blurry vision and back problems. Doc. No. 20 at 2. After setting forth the relevant facts, he reviewed the ALJ's credibility assessment, concluding as follows:

> In her decision, the ALJ thoroughly considered and discussed Halliday's treatment history, medical evidence, functional restrictions, activities of daily living, work history, and use of medications in making her credibility determination. Thus, having reviewed the entire record, the Court finds that the ALJ adequately considered and addressed the Polaski factors in determining that Halliday's subjective allegations of disability were not credible. *See Johnson*, 240 F.3d at 1148; *see also Goff*, 421 F.3d at 791 (an ALJ is not required to explicitly discuss each Polaski factor, it is sufficient if the ALJ acknowledges and considers those factors before discounting a claimant's subjective complaints); *Tucker v. Barnhart*, 363 F.3d 781, 783 (8th Cir. 2004) ("The ALJ is not required to discuss each Polaski factor as long as the analytical framework is recognized and considered. *Brown v. Chater*, 87 F.3d 963, 966 (8th Cir. 1996)."). Accordingly, because the ALJ seriously considered, but for good reasons explicitly discredited Halliday's subjective complaints, the Court will not disturb the ALJ's credibility determination. *See Johnson*, 240 F.3d at 1148. Even if inconsistent conclusions could be drawn on this issue, the Court upholds the conclusions of the ALJ because they are supported by substantial evidence on the record as a whole. *Guilliams*, 393 F.3d at 801.

*Id*. at 13-14.

In assessing the medical evidence, Judge Scoles reviewed the ALJ's evaluation of opinions prepared by Michael Luft, D.O., a consultative examining physician, and Jamie Whitmer, D.C., a treating chiropractor. With regard to Dr. Luft's opinion, Judge Scoles found:

> Having reviewed the entire record, and considered the ALJ's discussion of the objective medical evidence and review of Halliday's treatment history, the Court finds the ALJ properly considered and weighed the opinion evidence provided by Dr. Luft. Specifically, the ALJ granted Dr. Luft's opinions some/reduced weight, and addressed inconsistencies within Dr. Luft's opinions and the record as a whole. Therefore, the Court concludes that the ALJ properly considered and applied the factors for evaluating a consultative examiner's opinions, and properly granted some/reduced weight to Dr. Luft's opinions. *See Wiese*, 552 F.3d at 731. Accordingly, even if inconsistent conclusions could be drawn on this issue, the Court upholds the conclusions of the ALJ because they are supported by substantial evidence on the record as a whole. *Guilliams*, 393 F.3d at 801.

*Id.* at 16. As for Dr. Whitmer's opinion, Judge Scoles found:

> Having reviewed the entire record, the Court finds that the ALJ properly considered Dr. Whitmer's opinions in accordance with SSR 06-03p. Furthermore, the ALJ properly articulated her reasons for finding Dr. Whitmer's opinions to be entitled to "little weight," and for finding his opinions to be inconsistent with the record as a whole. *See Raney*, 396 F.3d at 1010 (Providing that in considering the opinions of a medical source that is not an "acceptable medical source," an "ALJ has more discretion and is permitted to consider any inconsistencies found within the record."); *see also Kirby*, 500 F.3d at 709 (providing that an ALJ is entitled to give less weight to a medical source opinion where the opinion is based on a claimant's subjective complaints rather than on objective medical evidence); *Sloan*, 499 F.3d at 889 (providing that a factor to consider in weighing evidence from a medical source that is not an "acceptable medical source" is the consistency of such as source's opinions with the record as a whole). Accordingly, even if inconsistent conclusions could be drawn on this issue, the Court upholds the conclusions of the ALJ because they are supported by substantial evidence on the record as a whole. *Guilliams*, 393 F.3d at 801.

5

*Id.* at 18.

Finally, Judge Scoles reviewed the hypothetical questions posed to the vocational expert. Judge Scoles found that the ALJ thoroughly considered the record and posed questions that properly included all impairments supported by substantial evidence. *Id.* at 19. Based on his findings, Judge Scoles recommends that I affirm the ALJ's decision. *Id.* at 20.

## IV. DISCUSSION

Halliday objects to Judge Scoles findings that the ALJ properly evaluated (1) Dr. Luft's opinion, (2) Dr. Whitmer's opinion and (3) Halliday's credibility. Doc. No. 21. I will review these issues de novo.

### A. Dr. Luft's Opinion

Halliday argues that the weight the ALJ gave to Dr. Luft's opinion is not supported by substantial evidence. Based on my de novo review, I agree and conclude that the ALJ failed to properly evaluate Dr. Halliday's opinion in accordance with the Commissioner's regulations.

Dr. Luft opined that Halliday has osteoarthritis of her hip and knees, is not be able to climb or crawl, cannot complete an eight hour day standing, will need to change positions every two hours, has no sitting limitations or hand limitations and cannot lift over 25 pounds frequently. AR 779-80. Dr. Luft also opined that Halliday has a stable seizure disorder with medication, can meet general eye sight requirements for most jobs and would be able to handle her own cash benefits. *Id.* at 780. Dr. Luft found that Halliday has grip strength of 3/5 with both hands and extremity strength of 4/5 in both upper extremities and both lower extremities. AR 776-77.

The ALJ noted Dr. Luft's findings but concluded that his opinion was based almost entirely on Halliday's subjective complaints. AR 449. Based on this interpretation, the

6

ALJ gave Dr. Luft's opinion only some weight. AR 449; *see Hogan v. Apfel*, 239 F.3d 958, 961 (8th Cir. 2001); *see also Stormo v. Barnhart*, 377 F.3d 801, 805-06 (8th Cir. 2004) ("Such opinions are given less weight if they are inconsistent with the record as a whole or if the conclusions consist of vague, conclusory statements unsupported by medically acceptable data."). "An ALJ may properly discount a doctor's opinion when it is based on a claimant's subjective complaints." *Renstrom v. Astrue*, 680 F.3d 1057, 1064 (8th Cir. 2012); *see also Kirby v. Astrue*, 500 F.3d 705, 709 (8th Cir. 2007). Here, however, Dr. Luft's opinion followed a consultative examination that included objective findings. No evidence suggests that his opinion as to Halliday's vocational capabilities was based largely on Halliday's subjective complaints, with little or no objective support.

The ALJ also stated that Dr. Luft's opinion was not supported by the x-ray evidence. Following an x-ray, Jeffrey K. Powers, M.D., opined that Halliday had mild to early moderate bulky osteoarthritis changes at the left hip joint that may suggest an early cam defect, but "[n]o acute or pathologic osseous findings seen throughout." AR 802-04. While the x-ray does not illustrate acute distress, Dr. Luft's relied on osteoarthritis in Halliday's hip and knees to conclude that she cannot stand for eight hours a day. The x-ray does not rebut this finding, nor does it suggest that Dr. Luft based his opinion on Halliday's subjective complaints. In fact, the x-ray findings support Dr. Luft's diagnosis of moderate osteoarthritis.

Because the ALJ did not provide good reasons, supported by the record, for discounting Dr. Luft's opinion, remand is necessary with instructions for the ALJ to reevaluate that opinion.

### B. Dr. Whitmer's Opinion

Halliday argues that the ALJ improperly ignored the opinion of her treating chiropractor, Dr. Whitmer. Halliday argues that this opinion supports her subjective

7

complaints and that the ALJ improperly relied on non-treating, non-examining sources to determine her RFC.

The ALJ gave Dr. Whitmer's opinion little weight. AR 449. The ALJ correctly noted that while chiropractors are not acceptable medical sources, Dr. Whitmer did have a treatment relationship with Halliday. *See* 20 C.F.R. §§ 404.1513(d), 416.913(d). Information from non-acceptable sources cannot establish a medically-determinable impairment but may be used to "provide insight into the severity of the impairment(s) and how it affects the individual's ability to function." *Sloan v. Astrue*, 499 F.3d 883, 888 (8th Cir. 2007). The ALJ found that although Dr. Whitmer reported that Halliday's daily chronic pain interfered with all exertional activities, his statements were vague and he failed to provide any vocationally-relevant limitations. AR 449.

However, Dr. Whitmer expressly found, in a report dated June 24, 2014, that Halliday cannot sit or stand for greater than 15 minutes due to pain in her lumbar spine and left hip. AR 783. Dr. Whitmer also opined that Halliday cannot walk more than 100 meters due to pain and cannot stoop, squat, crawl, climb or kneel due to pain in her left hip, left knee and lower back. *Id.* It does not appear that the ALJ considered the vocational restrictions set forth in this report. Indeed, the ALJ stated that she considered the statements of Dr. Whitmer that are set forth in Exhibits 7F and 17F. AR 449. Dr. Whitmer's June 24, 2014, report is contained in Exhibit 5F. AR 783.

Although an ALJ has more discretion in determining the weight to afford "other source" evidence, in this case the ALJ simply failed to consider Dr. Whitmer's detailed findings. This was error. *See Taillefer v. Colvin*, No. 14-1281, 2016 WL 617121, at *18 (D. Minn. Jan. 29, 2016) (finding that the ALJ's failure to consider other source evidence required remand); *see also Lacroix v. Barnhart*, 465 F.3d 881, 886-87 (8th Cir. 2006) (finding no error when the ALJ discussed the opinions of other sources and provided good reasons for discounting them). As such, I find remand is necessary with

8

instructions that the ALJ give full consideration to all of Dr. Whitmer's opinions in assessing Halliday's RFC, as the Commissioner's regulations require.

## C.     *The Credibility Assessment*

The AJL found Halliday's statements as to the intensity, persistence and limiting effects of her symptoms to be "not entirely credible." AR 447. Among other things, the ALJ based this conclusion on (a) the failure to take seizure medication, (b) a significant gap in treatment history, (c) conservative care and (d) her activities of daily living. AR 448. All of these reasons are proper if supported by the record. Here, however, I have determined that remand is necessary for further evaluation of the opinion evidence. Thus, it will be necessary for the ALJ to reevaluate Halliday's credibility after reexamining the opinions of Dr. Luft and Dr. Whitmer.

## V.     CONCLUSION

For the reasons set forth herein:

1.     Plaintiff's objections (Doc. No. 21) are **sustained**.

2.     Judge Scoles' Report and Recommendation (Doc. No. 20) is **not accepted**.

3.     Pursuant to this order, the Commissioner's determination that Halliday was not disabled is **reversed** and this case is **remanded** to the Commissioner for further proceedings consistent with this order.

4.     Judgment shall enter against the Commissioner and in favor of Halliday.

5.     If Halliday wishes to request an award of attorney's fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, an application may be filed up until 30 days after the judgment becomes "not appealable," i.e., 30 days after the 60-day time for appeal has ended. *See Shalala v. Schaefer*, 509 U.S. 292, 296 (1993); 28 U.S.C. §§ 2412(d)(1)(B), (d)(2)(G).

**IT IS SO ORDERED.**

**DATED** this 26th day of January, 2017.

                                            _____
                                            LEONARD T. STRAND
                                            UNITED STATES DISTRICT JUDGE